IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

CLERK'S OFFICE U.S. DISTRICT. COURT
AT ABINGDON, VA
FILED

MAR 0 3 2025

LAURA A. AUSTIN, CLERK
BY: K. Campbell
DEPUTY CLERK

| | |
|---|---|
| Melinda Scott, | ) |
| Plaintiff, | ) |
| | ) |
| V. | )   Case No. 1:25 cv 9 |
| | ) |
| Douglas A. Collins, Secretary, | ) |
| Department of Veterans Affairs, in his official capacity, | ) |
| Christopher D. Syrek, VA Chief of Staff, | ) |
| Department of Veterans Affairs,     in his official capacity, | ) |
| Cheryl Rawls, Dept. of Veterans Affairs, | ) |
| Office of Equity Assurance, in her official capacity | ) |
| Defendants. | ) |

## COMPLAINT

## AND

## PETITION FOR WRIT OF MANDAMUS

COMES NOW, the Plaintiff, Melinda Scott, and states as follows:

## FACTS OF THE CASE

1. Plaintiff, Melinda L. Scott, lives in southwest Virginia and therefore, this court has jurisdiction over this case

2. Plaintiff Melinda L. Scott is a victim of Cyberstalking. Her address and phone number have been redacted in this pleading. In lieu, the address of the Attorney General, who operates the Virginia Address Confidentiality Program (VA ACP, VA Code 2.2-515.1), of which Plaintiff Scott participates, has been provided.

3. Plaintiff Scott, now widowed, was legally married to Marshall James Scott in the state of Virginia prior to his death.

4. Marshall J. Scott was a combat Veteran of the United States Navy, receiving an honorable discharge.

5. Marshall J, Scott, late husband of the Plaintiff, passed away on January 19, 2022. At the time of his death, Plaintiff Melinda Scott was six (6) months pregnant with their youngest child. The child was born [REDACTED MONTH AND DAY], 2022, three (3) months after the death of her late husband. The father's name on the birth certificate recorded at the Virginia's Department of Vital Statistics was Marshall James Scott, pursuant to Virginia law's regulations on naming the paternity of deceased fathers. The child, [REDACTED NAME], was born within 10 months of Plaintiff's spouse's death.

6. Plaintiff Melinda L. Scott was married to the late Marshall James Scott when he passed away.

7. In April 2022 Plaintiff Melinda L. Scott filed a petition for surviving spouse and dependents Pension benefits through the Department of Veterans Affairs. At that time,

Plaintiff Scott had seven (7) dependents, including child [REDACTED NAME}, that was born three (3) months after the death of her late husband, Marshall Scott.

8. At the time of application (April 2022) Plaintiff Scott supplied all birth certificates and SSN for her born children (6 at the time). Since the youngest child was born one (1) month after her initial application, Plaintiff Scott provide the VA with the SSN and birth certificate of the youngest child after he was born, but no later than January 2023.

9. In January 2023, Plaintiff Scott submitted all required paperwork for the processing of her claim at a Veteran Center in Big Stone Gap. An employed Veteran Affairs staff member electronically submitted all information, including the birth certificate and social security number for child [REDACTED NAME].

10. In 2022 Plaintiff Melinda L. Scott received a letter from the Department of Veterans Affairs stating that her late husband was eligible for Pension benefits because he met the criteria necessary and that henceforth, they would continue to process Plaintiff's application

11. Plaintiff Melinda L. Scott's petition for Pension benefits for herself and all 7 dependents was **granted in September 2023** and paid effective February 2022.

12. In June 2024, the Department of Veterans affairs notified the Plaintiff that they would be attempting to terminate benefits based on information received by the SSA. They did not state specifics. In June 2024, Plaintiff Scott wrote a five-page letter challenging the accuracy and legality of such a maneuver by the Department of Veterans Affairs. Plaintiff Scott also communicated the hardship she and her dependents would incur if the VA were to terminate Pension benefits.

13. In September 2024, the Department of Veterans Affairs sent a request for the SSN and birth certificate for child/dependent [REDACTED NAME] that was born after the death of Marshall J. Scott, Plaintiff's deceased husband

14. Between October 1, 2023 and January 1, 2025 Plaintiff Scott received a monthly Pension benefit on behalf of her and her (7) dependents, including for child [REDACTED NAME].

15. On February 1, 2025 Plaintiff Scott received a monthly Pension benefit on behalf of her and her six (6) dependents, since her oldest child turned 18.

16. On February 25, 2025 Plaintiff Scott was notified via e-mail by a local VA office that Pension benefits would be immediately terminated.

17. In a letter dated January 23, 2025 the Department of Veteran's Affairs stated that the reason for termination was that because (1) they could not verify that the youngest child [REDACTED NAME] (born 3 months after the death of her deceased husband) was a dependent of Plaintiff Scott and the surviving child of the late Marshall Scott therefore, (2) the number of dependents eligible between February 2002 and January 31, 2025 was less one (1) and the household was therefore, over the income limit.

18. On February 25, 2025, Plaintiff Scott wrote a letter notifying the Department of Veterans Affairs of her intent to sue if the wrongful termination of benefits was not reversed.

19. On March 1, 2025 Plaintiff Scott did not receive a Pension deposit on behalf of her and her dependents.

## LEGAL STANDARD

1. Under 38 US Code 5109A, an earlier decision by the Department of Veterans Affairs is <u>final</u> and <u>cannot</u> be reversed unless a "clear and unmistakable error" by staff of the VA can be demonstrated.

2. Under Virginia administrative law, it is presumed that the paternity of a child born to a widowed mother is her legal husband, when the child is born within 10 months of the deceased father's death.

3. Under 38 US Code 1541(g), deductions are made to account for a "reasonable family maintenance to support a reasonable quality of life" when calculating the amount of income of the surviving spouse and surviving children

4. Under 38 US Code 1541(g) calculations and deductions of income for the purpose of calculating Pension benefits are required to be done in such a way as to prevent hardship

5. Under 38 US Code 3104, the VA is required to preserve favorable findings.

## ARGUMENT

Plaintiff Scott's application for Pension benefits filed April 2022 was granted in September 2023. This first and initial decision made by the VA was final according to 38 US Code 5109A. According to US Code 38 USC 5109A a decision by the Department of Veteran's Affairs is final unless a "clear and unmistakable error" by VA staff can be found. The VA offices have failed to provide any evidence of such. There is no legal basis for reversing the VA decision made for Plaintiff Scott's application for Pension that was determined in September 2023.

The VA has also failed to properly process documents provided repeatedly to them by Plaintiff Scott. Plaintiff Scott has provided the VA with the SSN and birth certificate of her youngest child [REDACTED NAME] (born 3 months after the date of her deceased husband's death) on multiple occasions, including by one of their own employees, in office, who electronically uploaded these documents to the VA. This decision to exclude child [REDACTED NAME] <u>15 months after granting her Pension application</u> from Plaintiff Scott's list of dependents is discriminatory and arbitrary. The VA has failed to treat Plaintiff Scott in a fair manner with equal rights under the law.

The child [REDACTED NAME] born to Melinda and Marshall J. Scott, 3 months after his death, has a legal birth certificate issued by the State of Virginia. On that birth certificate lists the names of Marshall and Melinda Scott as the parents. There is no reason for the VA to conclude that child [REDACTED NAME] is not a dependent of Melinda Scott.

The VA has looked upon Plaintiff Scott with discriminatory bias because (1) she is a single female parent using government assistance to raise her children (2) because she is the surviving spouse of a Veteran, rather than a Veteran herself and (3) because her late husband was 1 of the 22 Veterans who die from mental illness (suicide) every day. The VA has treated her with discriminatory bias because of the source of her income, her family composition, and because she was the spouse of the deceased Veteran when he died by suicide. The actions they have taken in her case have been done because of a discriminatory negative bias against her rather than from following the Laws of the United States to which they are bound.

The VA is required to process all applications according to the Laws of the United States. The VA has not done this in the case of Plaintiff Scott. They have failed to grant her proper due

process by failing to notify her in a timely manner of potential adverse actions. They have failed to process paperwork she supplied them on numerous occasions. The VA has failed to follow 38 US Code 5109A, 1541 (g) and 38 CFR 3104. They should be punished for discriminatory bias against her and for the wrongful and arbitrary termination of her Pension benefits in violation of the law.

Under the law, the VA is required to make deductions to income to account for a "reasonable family maintenance to support a reasonable quality of life" when calculating the amount of income of the surviving spouse and surviving children. Knowing that a deduction of Pension would put Plaintiff Scott and her dependents into financial hardship, the VA has violated the law with regard to the legal standard requiring them to prevent making decisions that induce hardship against surviving spouses and their dependents. The VA has failed to do this in the case of Plaintiff Scott.

Under the law, the VA is required to preserve favorable findings when an earlier decision is made. In September 2023 the VA offices had full knowledge of the dependent status of Plaintiff Scott's youngest child [REDACTED NAME] who was born 3 months after the death of her late husband. When they made a decision on her Pension application in September 2023, the youngest child had already been declared a dependent. The VA's arbitrary decision to remove the youngest child [REDACTED NAME] from the list of dependents was simply a refusal to acknowledge the facts of a prior decision. The VA violated 38 US Code 3104 in doing so.

## RELIEF REQUESTED AND
## PETITION FOR A WRIT OF MANDAMUS

WHEREFORE, Plaintiff Scott prayerfully requests that this Honorable Court order the Department of Veterans Affairs to immediately reverse the wrongful termination of Pension benefits paid to her, and order them to immediately resume Pension deposits into her bank account. Further, that this Honorable Court order them to pay immediately any missed deposits that Plaintiff Scott was eligible to receive between March 1, 2025 onward, and that those deposits be returned to Plaintiff Scott, immediately.

Plaintiff Scott also requests that this court grant Plaintiff Scott punitive damages for the violation of her civil rights under United States due process laws, US Code 38 USC 5109, 38 USC 1451 & 38 USC 3104.

WHEREFORE I ASK FOR THIS,

*[signature]*

Melinda Scott, *pro-se*
*VA ACP address*:
PO BOX 1133-2014PMB87
Richmond, Virginia 23218
Phone: [REDACTED]